UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Life Share Collateral Holdings, LLC,

    Plaintiff,

v.

Charles Hood,                                   Civil No. 11-3637 (JNE/JSM)
                                                 ORDER
    Defendant,

v.

Wells Fargo Bank, N.A.,

    Third-Party Defendant.

Adam M. Simon, The Simon Law Firm, appeared for Plaintiff Life Share Collateral Holdings, LLC.

Jeffrey C. Brown, Sapientia Law Group PLLC, appeared for Defendant Charles Hood.

Thomas H. Boyd, Winthrop & Weinstine, P.A., appeared for Third-Party Defendant Wells Fargo Bank, N.A.

      Asserting that Charles Hood had defaulted on a note and personal guaranty, Life Share Collateral Holdings, LLC (Life Share), brought this action against Hood. According to the Amended Complaint, Hood formed the Charles H. Hood Irrevocable Trust and named Wells Fargo Bank, N.A., as the trustee. The Trust bought life insurance on the life of Hood from Lincoln National Life Insurance Company. Later, the Trust and Hood entered into a Loan Agreement with Life Share's predecessor to finance premium payments. Hood executed a personal guarantee. Life Share claims that Hood defaulted by failing to pay amounts due, failing to pay premiums required to keep the policy in force, and allowing the policy to lapse.

Hood asserted counterclaims against Life Share for fraud. He alleged that he executed the Loan Agreement in reliance on Life Share's predecessor's commitment to pay the premiums on the policy using the full amount of the loan and that he has been damaged by the policy's lapse. Hood also asserted a counterclaim for conversion. He claimed that he had a property interest in the policy, that the full amount of the loan and other funds tendered by Hood were not used to pay premiums, and that he was deprived of his interest in the policy.

Hood also asserted third-party claims against Wells Fargo Bank. He claimed that Wells Fargo Bank breached a fiduciary duty by failing to make borrowing requests after the initial one and that, but for Wells Fargo Bank's failure to make the requests, he would not be exposed to potential liability to Life Share. Hood also claimed that Wells Fargo Bank violated Minn. Stat. § 325D.44 (2012). He alleged that Wells Fargo Bank represented "it would pay the life insurance policy premiums to fulfill the purpose of the trust"; that it had the opportunity to do so but elected not to; that it misrepresented it would maintain the policy in full force and effect; and that its deceptive trade practices have exposed him to potential liability to Life Share.[1]

Wells Fargo Bank asserted counterclaims for declaratory relief. It sought declarations that it did not breach its duties as trustee with respect to borrowing requests; that it did not breach any obligations as trustee with respect to the policy's lapse; and that it is not liable to Hood for any damage alleged by Hood in connection with its service as trustee.

The case is before the Court on Wells Fargo Bank's and Hood's motions for summary judgment. Wells Fargo Bank seeks summary judgment on Hood's claims against it. Hood seeks summary judgment on his claims against Wells Fargo Bank. For the reasons set forth below, the

---

[1] Wells Fargo Bank has not argued that Hood improperly asserted the third-party claims in this case. *See generally* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1446 (3d ed. 2010).

Court denies Hood's motion, grants Wells Fargo Bank's motion, and dismisses Hood's third-party claims.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In his claim for breach of fiduciary duty, Hood alleged that Wells Fargo Bank "is a fiduciary as defined by the Minnesota Fiduciaries Act"; that Wells Fargo Bank, as a fiduciary, "had a duty to perform its obligations" under the Loan Agreement for the Trust's beneficiaries; that Wells Fargo Bank "was to have submitted a Borrowing Request not later than three business days prior to each Funding Date"; that Wells Fargo Bank "knowingly and purposefully failed to make any subsequent Borrowing Requests after the initial January 2009 Request in order to pay the premiums on the insurance policy, despite the fact the Lender . . . had committed to loan Wells Fargo over $900,000 to pay the insurance policy premiums"; and that "[a]s a direct and proximate result of Wells Fargo's failure to perform its fiduciary duties, [Life Share] has alleged that [Hood] is liable to it for 'a sum in excess of $100,000,' a potential liability . . . Hood would not be exposed to but for Wells Fargo's failure to pay the insurance policy premiums." Wells

Fargo Bank moved for summary judgment on the ground that Hood has no evidence to support his claim for breach of fiduciary duty.[2]

Article VII of the trust agreement addresses Wells Fargo Bank's responsibility to execute and deliver a borrowing request:

### ARTICLE VII

### ADDITIONAL DUTIES OF TRUSTEE

(a) Subject to Article IX, the Trustee shall be responsible for causing the Trust to fulfill and discharge its obligations under the Loan Documents; provided, however, that in respect of any Borrower Action, the sole obligation of the Trustee shall be to comply with Article VI(e).

(b) The Trustee shall cooperate in good faith with the Lender or any third party servicer (the "**Servicer**") to assist the Lender or Servicer in filing any claims documents with respect to any claim for the Life Insurance Policy.

(c) The Trustee shall execute and deliver to Lender a Borrowing Request prepared by Servicer for each Loan, in the amount and on the date instructed in writing by Servicer.

After submitting the initial borrowing request in January 2009, Wells Fargo Bank did not receive a borrowing request prepared by a servicer or the Lender. According to Hood, a loan disbursement schedule and a blank template of a borrowing request reveal that the Lender prepared borrowing requests that Wells Fargo Bank was obligated to execute and deliver. The blank form and schedule are not prepared borrowing requests. Hood has not submitted any evidence that Wells Fargo Bank failed to execute and deliver to the Lender prepared borrowing requests after the initial borrowing request. Viewing the record in the light most favorable to Hood, the Court concludes that summary judgment in Wells Fargo Bank's favor is warranted on Hood's claim for breach of fiduciary duty.

---

[2] Wells Fargo Bank also argued that Minnesota's Uniform Fiduciaries Act does not apply to this case. In his response to Wells Fargo Bank's motion and at the motion hearing, Hood stated that he had not claimed Wells Fargo Bank violated the Act.

4

In his claim for violation of Minn. Stat. § 325D.44, Hood alleged that Wells Fargo Bank "represented to [him] it would pay the life insurance policy premiums to fulfill the purpose of the trust"; that Wells Fargo Bank "had every opportunity to fulfill its obligations, but elected not to do so"; that Wells Fargo Bank made a knowing or reckless misrepresentation to Hood in the Loan Agreement, namely that it "will maintain each Life Insurance Policy in full force and effect"; that Wells Fargo Bank "engaged in deceptive trade practices by engaging in conduct [that] creates misunderstanding"; and that "[a]s a direct and proximate result of Wells Fargo's deceptive trade practices, [Life Share] has alleged that [Hood] is liable to it for 'a sum in excess of $100,000,' a potential liability . . . Hood would not be exposed to but for Wells Fargo's misrepresentation that it would pay the insurance policy premiums from the amount committed by . . . the Lender." Wells Fargo Bank moved for summary judgment on the grounds that Hood failed to plead the claim with particularity; that Hood failed to allege any deceptive trade practices that are identified in Minn. Stat. § 325D.44, subd. 1; that Hood has no evidence that supports his allegations of deceptive trade practices; that Hood failed to state a claim because he is not seeking to obtain a public benefit;[3] that Hood is only seeking money damages, which are not available under Minn. Stat. § 325D.44; and that Hood is not eligible to seek injunctive relief because he is not likely to be harmed in the future by any alleged misrepresentation.

Hood's claim under Minn. Stat. § 325D.44 assumes that Wells Fargo Bank is the "Borrower" under the Loan Agreement. But the Loan Agreement defines "Borrower" as "the Charles H. Hood Irrevocable Trust." Under the Loan Agreement, "Borrower will maintain each

---

[3] In *Dennis Simmons D.D.S., P.A. v. Modern Aero, Inc.*, the Minnesota Court of Appeals noted that Minn. Stat. § 8.31, subd. 3a (2012), "specifically limits its relief to those statutes referred to in subdivision 1, and the [Uniform Deceptive Trade Practices Act] is not included in that list." 603 N.W.2d 336, 340 (Minn. Ct. App. 1999); *see Collins v. Minn. Sch. of Bus., Inc.*, 655 N.W.2d 320, 327 (Minn. 2003).

Life Insurance Policy in full force and effect." Wells Fargo Bank itself did not agree to pay the premiums. To the extent Hood based his claim on Wells Fargo Bank's alleged failure to submit borrowing requests, the discussion above reveals that Hood's claim lacks merit. Viewing the record in the light most favorable to Hood, the Court concludes that summary judgment in Wells Fargo Bank's favor is warranted on Hood's claim for violation of Minn. Stat. § 325D.44.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wells Fargo Bank's Motion for Summary Judgment as to Third-Party Claims [Docket No. 31] is GRANTED.

2. Hood's Motion for Summary Judgment [Docket No. 42] is DENIED.

3. Hood's Third-Party Claims are DISMISSED WITH PREJUDICE.

Dated: September 13, 2013

                                                        s/Joan N. Ericksen
                                                        JOAN N. ERICKSEN
                                                        United States District Judge